WILLS—GIFT TO CLASS—CONSTRUCTION.
　　A will provided that, on termination of a trust for life for the benefit of testator's wife and sister, the estate should go to his living nieces and nephews and a niece of his wife, and the lawful issue of those who had died. *Held*, to refer to the nieces and nephews living at testator's death, and not at the date of the termination of the trust.

In the matter of the estate of John Woolsey, deceased.　Decree settling accounts of executor entered.

Frederick Cobb, for executor, petitioner.

Thomas H. Troy, special guardian, for C. L. Schenck and others.

Grasmuck & Ostrander, for Charlotte W. Betjemar, Eleanor A. Schonten, Sarah M. Ewald, Emma W. Fortune, and Eliza Gallagher.

James W. Glendinning, for Wm. H. Woolsey.

O. B. Gould, guardian ad litem of Evanita S. Schlieder, an infant.

CHURCH, S.　The only question arising upon this accounting is one as to the construction of the will of the deceased.　He created a trust in such will to exist during the lifetime of his wife and sister, and provided that, upon the cessation of the same, the entire estate should go "to my nieces and nephews who may be living and the niece of my said wife, Helen Heath, and the lawful issue of those who have died." At the time of the testator's death, he left surviving 12 nieces and nephews, and also the said Helen Heath.　At the time of the death of his wife, Lydia Woolsey, which terminated the trust, he left surviving four nephews and nieces and the said Helen Heath.

The contention is now advanced that such will should speak from the date of the termination of the trust, and not from the testator's death.　I am unable to agree with this proposition.　The cardinal rule of construction as to the time from which a will is presumed to speak fixes it at the death of the testator.　There is nothing in this will which shows any contrary intention; but, on the other hand, there is a provision that the said estate is to go to the testator's nephews and nieces, and in addition to the lawful issue of those who have died. Unless it spoke from the time of the testator's death, the provision as to the lawful issue of those who have died is absolutely meaningless. In fact, it is worse than meaningless, because, in order to properly interpret the will, it would have to be completely expunged from the same.

Let a decree be entered in accordance with the foregoing views.

Decreed accordingly.